**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| PAIRED PAY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No.: ___2:22-cv-1013-RMG___ |
| CLEAROBJECT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant, ClearObject, Inc. ("ClearObject"), by counsel and under 28 U.S.C. § 1332, 1441, and 1446, and Local Rule 83.IV.01, hereby removes the state court action entitled *Paired Pay, Inc. v. ClearObject, Inc.*, Case No. 2022-CP-10-00462 (the "Action") from the State of South Carolina, County of Charleston Court of Common Pleas to the United States District Court for the District of South Carolina. Removal is based upon complete diversity of citizenship and an amount in controversy exceeding $75,000. In support of removal, ClearObject states:

## I.    REMOVAL IS APPROPRIATE

1.    Plaintiff, Paired Pay, Inc. ("Paired Pay") filed its Complaint against ClearObject in South Carolina State Court on January 31, 2022 in the above cause.

2.    ClearObject was served on February 28, 2022.

3.    ClearObject has not yet answered or otherwise responded to the Complaint.

4.    Paired Pay has agreed to an initial extension of time up to and including April 29, 2022, on or before which date ClearObject must answer or otherwise respond.

5.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served in the state court action are filed with this Notice of Removal as **Exhibit 1**.

1

6. Removal is timely because a defendant may remove a state court action within 30 days after being served with the complaint. 28 U.S.C. § 1446(b).

7. Upon filing this Notice of Removal, copies of the same shall be provided to all adverse parties, and Clear Object shall file with the state court a copy of this Notice of Removal, and a Notice of Removal to Federal Court.

## II.   COMPLETE DIVERSITY EXISTS

8. Removal is proper because the United States District Court for the District of South Carolina has original jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(1), because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

9. ClearObject is a Delaware corporation with its principal place of business at 8262 E. 116th St., Suite 300, Fishers, IN 46038.

10. For purposes of 28 U.S.C. § 1332, ClearObject is a citizen of the States of Delaware and Indiana.

11. Paired Pay is a Wyoming corporation, with its principal place of business located at 3900 Leeds Ave., Suite 102, North Charleston, SC 29403.

12. For purposes of 28 U.S.C. § 1332, Paired Pay is a citizen of Wyoming and South Carolina.

13. Complete diversity of citizenship exists between the parties. *See* 28 U.S.C. § 1332.

## III.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

14. Where the Plaintiff has failed to identify the amount in controversy in its complaint, the Court should "review Defendant's Notice of Removal for evidence that Defendant has demonstrated that the Court has diversity jurisdiction over the matter." *Hagood v. Electrolux Home Products, Inc.*, 2006 WL 1663804, at *2 (D.S.C. June 15, 2006). "[W]hen a defendant seeks

federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

15.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

16.     The amount in controversy is satisfied where, as here, "[b]ased on the complaint alone, it does not appear to a legal certainty that the amount in controversy is for $75,000 or less." *Woodward v. Newcourt Commercial Fin. Corp.*, 60 F. Supp. 2d 530, 532 (D.S.C. 1999).

17.     Indeed, based on the Complaint and its exhibit, the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1).

18.     Paired Pay claims damages based on its claims that it "grossly" overpaid for the services for which it contracted (Compl. ¶ 8), disruption, loss of efficiency, and disruption of critical communication (*Id.* at ¶ 14). Paired Pay contends it is entitled to actual and consequential damages for breach of contract (*id.* ¶¶ 15, 19).

19.     Paired Pay has attached to its Complaint the contract governing the parties' relationship, which contemplates payments from Paired Pay to ClearObject of *at a minimum*, $689,800, with a Project Change Request Form contemplating a Product Team service charge of $72,000 per month.

20.     Paired Pay's allegations allege deficiencies spanning multiple months.

21.     Due to Paired Pay's allegations, the amount in controversy exceeds $75,000, exclusive of costs and interest.

3

22.    None of the impediments to removal under 28 U.S.C. § 1445 are present in this action.

23.    Further, removal to this judicial district is proper under 28 U.S.C. § 1441(a), as this district embraces Charleston County, where the Action is pending.

24.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1), because the amount in controversy exceeds $75,000 exclusive of interest and costs, and because complete diversity exists among the parties.

WHEREFORE, Defendant, ClearObject, Inc., files this Notice of Removal so that the entire state court action under Case No. 2022-CP-10-00462 now pending in the State of South Carolina, County of Charleston Court of Common Pleas, be removed to this Court for all further proceedings.

**ROSEN HAGOOD, LLC**

s/ *H. Brewton Hagood*
H. Brewton Hagood, Esquire (Fed. ID No. 1658)
Timothy J.W. Muller, Esquire (Fed. ID No. 10455)
151 Meeting Street, Suite 400
Charleston, SC 29401
bhagood@rosenhagood.com
tmuller@rosenhagood.com
(843) 577-6726

*Attorneys for ClearObject, Inc.*

Charleston, South Carolina
March 30, 2022

4