# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | | |
|---|---|---|
| Paired Pay, Inc., | ) | Civil Action No. 2:22-cv-1013-RMG |
| Plaintiff, | ) | |
| v. | ) | |
| ClearObject, Inc., | ) | **ORDER AND OPINION** |
| Defendant. | ) | |

Before the Court is Plaintiff's motion for preliminary injunction (Dkt. No. 6). For the reasons set forth below, the Court denies Plaintiff's motion.

## I.     Background

This is a breach of contract dispute between Plaintiff Paired Pay, Inc. and Defendant ClearObject, Inc.  Plaintiff alleges that it and Defendant entered into a Statement of Work ("SOW") in January 2021, which was modified by a Project Change Request in July 2021 (the "July Change Request").  Plaintiff alleges Defendant breached the July Change Request. *See* (Dkt. No. 1-1).

On January 31, 2022, Plaintiff filed this action in the Court of Common Pleas for Charleston County. On March 30, 2022, Defendant removed this action. (Dkt. No. 1).

Plaintiff moves for a preliminary injunction requiring Defendant to "deliver to Paired Pay the work product that it possesses as a result of the services that it contracted to provide to Paired Pay." (Dkt. No. 6). Defendant opposes. (Dkt. No. 10). Plaintiff filed a reply. (Dkt. No. 11).

Plaintiff's motion is fully briefed and ripe for disposition.

## II.     Legal Standard

To obtain a preliminary injunction, a party must make a "clear showing" that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary

1

relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008); *see also, Smith v Ozmint*, 444 F. Supp. 2d 502, 504 (D.S.C. 2006). All four requirements must be satisfied in order for relief to be granted. *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010). A preliminary injunction is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991) (citations and internal quotation marks omitted).

Plaintiff must "clearly" demonstrate that he is "likely" to succeed on the merits. *Real Truth About Obama*, 575 F.3d at 346–57; *Carcaño v. McCrory*, 203 F.Supp.3d 615 (M.D.N.C. Aug. 26, 2016). A party seeking a preliminary injunction must show that he is likely to suffer irreparable harm in the absence of preliminary relief. *Winter*, 555 U.S. at 20. Irreparable injury must be both imminent and likely; speculation about potential future injuries is insufficient. *Id.* at 22. Plaintiff bears the burden of showing that each factor supports his request for preliminary injunction. *Direx Israel, Ltd.*, 952 F.2d at 812.

**III.    Discussion**

Plaintiff alleges Defendant, per the SOW, agreed to provide technology information services to Plaintiff. (Dkt. No. 1-1 ¶ 5). Per the July Change Request, the parties extended and expanded the services Defendant was to provide to Plaintiff. (*Id.* ¶ 5). Plaintiff alleges that under the July Change Request Defendant "failed to provide the level of service that it contracted to provide." (*Id.* ¶ 8). Namely, Plaintiff alleges that because there was continuous member turnover on the Product team as well as a shift from "dedicated" Team members to "designated" Team members who worked only part-time for Defendant, Plaintiff ended up "grossly overpaying for

the services for which it contracted." (*Id.*); *see* (Dkt. No. 6 at 2) (alleging that Defendant was obligated to "provide dedicated product and development resources" for seven months for the service "Product Team as a Service" but providing no evidence to this effect).  Plaintiff admits it has not paid for the work it requests this Court order Defendant provide Plaintiff. (*Id.* at 6) ("ClearObject is withholding the work product that it contracted to provide to Paired Pay and is refusing to produce it unless and until Paired Pay pays the full amount that ClearObject is demanding."). Without citation to any evidence, Plaintiff alleges that its "workflow is extremely time sensitive, and ClearObject's actions have caused, and will continue to cause, extensive and irreparable harm to Paired Pay." (*Id.* at 3, 5).

      As to factors (1) and (2), on the evidence before it, the Court finds that Plaintiff has failed to carry its burden of clearly showing it is likely to succeed on its breach of contract claim or that Plaintiff will suffer irreparable harm without the injunction. To establish a breach of contract, a plaintiff must establish: (1) a binding contract entered into by the parties; (2) breach or unjustifiable failure to perform the contract; and (3) damages as a direct and proximate result of the breach. *Agape Senior Primary Care, Inc. v. Evanston Ins. Co.*, 304 F. Supp. 3d 492, 497 (D.S.C. 2018). Here, as Defendant points out, various "genuine questions" of fact exist which preclude a finding that Plaintiff is likely to succeed on the merits.  For example, Defendant notes that Plaintiff's argument regarding staff issues relies on a "June 2020 email" that is not part of the July Change Request and that Plaintiff has not demonstrated that the "complained-of staffing issues had *any* effect on the Final Deliverable." (Dkt. No. 10 at 5-6) (further arguing the July Change Request does not contain language supporting Plaintiff's claims). Relatedly, it is undisputed that Plaintiff has not paid for the work it requests this Court order Defendant produce to it, undermining any inference Plaintiff has "performed on [its] part, or at least that [it] was, at the appropriate time,

3

able, ready and willing to perform." *Prysmian Cables & Sys. USA, LLC v. Szymanski*, No. 3:21-CV-01641-JMC, 2021 WL 5578145, at *16 n.6 (D.S.C. Nov. 29, 2021). Further, as to harm to its "reputation and goodwill," the "irreparable harm Paired Pay alleges" in its motion, Defendant correctly notes that Plaintiff has provided the Court no evidence supporting this argument, despite it being Plaintiff's burden to do as much for each factor. (*Id.* at 18-20).

In sum, Plaintiff has not met its burden of showing that it is likely to succeed on the merits given the significant questions of fact which exist as to whether the July Change Request was breached or whether any such breach damaged Plaintiff. Further Plaintiff has not put forth any evidence establishing it has suffered irreparable harm. As Plaintiff cannot establish factors (1) and (2), Plaintiff's motion for a preliminary injunction must be denied.

As to factor (3), the balance of hardships, the Court finds that Plaintiff has not met its burden of showing this factor weighs in its favor. In its motion, (Dkt. Nos. 6, 11), Plaintiff does not address this factor directly. To the contrary, Defendant notes that Plaintiff allegedly owes it roughly $362,833.00, (Dkt. No. 10 at 22); (Dkt. No. 10-3 at 1-5), that this sum represnants "five (5) months of work, from September 2021 through January 2022," and that Plaintiff has put forth no evidence that the "value of the Final Deliverable alone outweighs the $362,833 it owes ClearObject," (*Id.*) (emphasis removed). On these facts, the Court cannot say the balance of hardships tips in Plaintiff's—as opposed to Defendant's—favor. Accordingly, for this reason as well, Plaintiff's motion must be denied.

Last, as to factor (4), Plaintiff has not shown an injunction is in the public interest. As noted *supra*, this is a breach of contract dispute where both sides have put forth vying explanations regarding the pertinent facts. As Defendant notes, Plaintiff seeks to change the status quo here by asking this Court to direct Defendant to produce to Plaintiff work product which Plaintiff has not

4

paid for. Under these circumstances, Plaintiff has not met its burden of showing that such "mandatory injunctive" relief is justified, especially given the facts here do not present "the most extraordinary [of] circumstances." *S.C. Progressive Network Educ. Fund v. Andino*, 493 F. Supp. 3d 460, 466 (D.S.C. 2020) (noting that "mandatory" injunctions, namely injunctions which alter the status quo by requiring the non-movant to do something, are "warranted only in the most extraordinary circumstances").

### IV.     Conclusion

For the reasons stated above, Plaintiff's motion for preliminary injunction (Dkt. No. 6) is **DENIED**.

**AND IT IS SO ORDERED**.

                                                                s/ Richard M. Gergel
                                                                Richard M. Gergel
                                                                United States District Judge

June 13, 2022
Charleston, South Carolina