IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| PAIRED PAY, INC., | ) | |
|     Plaintiff, | ) | |
|     Counterclaim Defendant, | ) | Case No. 2:22-CV-1013-RMG |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| CLEAROBJECT, INC., | ) | |
| | ) | |
|     Defendant, | ) | |
|     Counterclaim Plaintiff, | ) | |
|     Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BLACK INK TECHNOLOGIES CORP., | ) | |
| f/k/a BLACK INK TECHNOLOGIES, LLC, | ) | |
| and PAIRED, INC. | ) | |
| | ) | |
|     Third Party Defendants. | ) | |

Before the Court is Plaintiff and Third-Party Defendants' (the "Paired Entities") motion to alter or amend the judgment and for a new trial on punitive damages. (Dkt. No. 193). Defendant ClearObject responded (Dkt. No. 195) and the Paired Entities replied (Dkt. No. 197). For the reasons set forth below, the Court denies the Paired Entities' motion.

I.  Background

On July 17, 2024, an eight-person jury returned a unanimous verdict finding Defendant ClearObject liable to the Paired Entities for breach of contract and breach of contract accompanied by a fraudulent act. (Dkt. No. 181). The jury awarded $502,420.00 in actual damages to the Paired Entities but declined to grant punitive damages. (Dkt. Nos. 181, 184).

**II.     Legal Standard**

Federal Rule of Civil Procedure 59 allows a party to move to alter or amend a judgment within twenty-eight days. Fed. R. Civ. P. 59(e).  The Court may grant a motion for reconsideration only in limited circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).  A Rule 59 motion tests whether the Court's initial Order was "factually supported and legally justified." *Hutchinson v. Staton*, 994 F.2d 1076, 1081-82 (4th Cir. 1993). Therefore, the Court may decline to reconsider a prior holding that "applied the correct legal standards" and made "factual findings [ ] supported by substantial evidence." *Harwley v. Comm'r of Soc. Sec. Admin.*, 714 Fed. Appx. 311, 312 (Mem.) (4th Cir. 2018). As a result, Rule 59(e) provides an "extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403.

Rule 59 also provides that the Court may "grant a new trial on all or some of the issues" "to any party" "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 49(a)(1).  A district court must "set aside the verdict and grant a new trial[ ] if ... (1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict."  *Minter v. Wells Fargo*

*Bank, N.A.*, 762 F.3d 339, 346 (4th Cir. 2014) (quoting *Knussman v. Maryland*, 272 F.3d 625, 639 (4th Cir. 2001)).

    **III.   Discussion**

        **A.  Prejudgment Interest**

Paired Pay requests the Court amend the judgment to reflect $123,421.51 in prejudgment interest. (Dkt. No. 193 at 3). ClearObject contends that Paired Pay is barred from recovering such interest where it failed to include a demand for prejudgment interest in its complaint and where the sum due was not ascertainable. (Dkt. No. 195 at 4-5).

"The decision whether to award prejudgment interest lies in the discretion of the court." *Security Ins. Co. of Hartford v. Arcade Textiles, Inc.*, 40 F. App'x. 767, 770 (4th Cir. 2002) (citing *Jacobs v. Am. Mut. Fire Ins. Co. of Charleston*, 340 S.E.2d 142, 143 (S.C. 1986)). "The proper test for determining whether prejudgment interest may be awarded is whether or not the measure of recovery, not necessarily the amount of damages, is fixed by conditions existing at the time the claim arose." *APAC Carolina, Inc. v. Town of Allendale, S.C.*, 41 F.3d 157, 165 (4th Cir. 1994) (quoting *Babb v. Rothrock*, 426 S.E.2d 789 (S.C.1993)). "Stated another way, prejudgment interest is allowed on a claim of liquidated damages; i.e., the sum is certain or capable of being reduced to certainty based on a mathematical calculation previously agreed to by the parties." *Butler Contracting, Inc. v. Ct. St., LLC*, 631 S.E.2d 252, 259 (S.C. 2006). Federal Rule 54(c) does not require that a party include a demand for prejudgment interest in its pleadings. *See* Fed. R. Civ. P. 54(c) (providing that, aside from a default judgment, "every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.").

Paired Pay explains that "the amounts on which [it] seeks prejudgment interest are precisely measurable because they are the amounts that Paired Pay actually paid in connection with the ClearObject engagement that the jury found were not owed." (Dkt. No. 193 at 4) (citing Dkt. No. 193-1 & Trial Ex. Nos. 29, 30, 37, 66, 199, 129)). ClearObject argues that because "the claim involves uncertainty about a contract term, the sum due is not ascertainable [and] pre-judgment interest is not recoverable." (Dkt. No. 195 at 5). Of the cases cited by the Parties, the Court finds *Vaughn Development, Inc. v. Westvaco Development Corporation* to be the most analogous. In that case, the South Carolina Court of Appeals reasoned that "[t]here was an intermediate question that had to be decided before the measure of damages could be ascertained" which precluded an award of prejudgment interest on the damages amount. 642 S.E.2d 757, 759 (S.C. Ct. App. 2007). By contrast, in *Smith-Hunter Construction Company v. Hopson*, "[t]he measure of recovery was fixed by conditions existing at the time the claim arose" where "[t]he cost of work completed by Builder at the time of Homeowners' breach of contract were established via Builder's invoices." 616 S.E.2d 419, 421 (S.C. 2005). Similarly in *Butler Contracting, Inc. v. Court Street, LLC*, "[t]he amount Contractor owed Subcontractor was a certain sum or capable of being reduced to a certainty based on contractual provisions regarding the amount of the original contract, the amount of change orders approved by Contractor, and payments made by Contractor." 631 S.E.2d 252, 259 (S.C. 2006).

That the jury granted damages to Paired Pay corresponding to the amounts paid by Paired Pay to ClearObject does not establish that the measure of recovery was ascertainable at the time Paired Pay's breach claim arose. *APAC Carolina, Inc.*, 41 F.3d at 165. As in *Vaughn*, where the measure of recovery was not ascertainable because of 'uncertainty regarding the extent and nature of the construction required under the terms of the contract," the value that the

contract was impaired as a result of Paired Pay's failure to assign a dedicated product team to ClearObject was not ascertainable at the time the claim arose. This is distinct from the scenario contemplated by the South Carolina Supreme Court in *Butler* where the amounts owed were "capable of being reduced to certainty based on a mathematical calculation previously agreed to by the parties." *Butler Contracting*, 631 S.E.2d at 259. The Court denies Paired Pay's motion to alter or amend the judgment on this basis.

### B. Consequential Damages

Paired Pay also requests the Court amend the judgment to include $127,995.60 in claimed consequential damages under Rule 59(e). (Dkt. No. 193 at 4-6). This Court excluded evidence of Paired Pay's purported consequential damages prior to trial because Paired Pay failed to disclose a computation of these damages during discovery. Paired Pay may not now seek "to supply evidence on a motion" in pursuit of this additional category of damages. Fed. R. Civ. P. 37(c)(1); *see also* Fed. R. Civ. P. 26(a)(1)(A)(iii) (requiring a party to disclose "a computation of each category of damages claimed by the disclosing party"). Finding no clear error or manifest injustice with the Court's pretrial ruling excluding evidence of Paired Pay's consequential damages, the Court denies Paired Pay's motion to alter or amend the judgment on this basis.

### C. Punitive Damages

Paired Pay moves for a new trial on punitive damages, arguing that it was unable to respond to ClearObject's claim of financial hardship at trial because it had previously been hindered from conducting discovery into ClearObject's financials. (Dkt. No. 193 at 7). Paired Pay contends that "[t]hroughout this litigation, ClearObject consistently opposed Paired Pay's efforts to conduct discovery into its finances" by "object[ing] to each of Paired Pay's discovery

5

requests concerning ClearObject's finances" and "fil[ing] several pre-trial motions in which it implied that it was a wealthy company." (*Id.* at 8). In response, ClearObject cites its production of "consolidated balance sheets and statements of operations for 2019-2022" which "establishe[d] that ClearObject sustained a significant net loss over the three-year period of 2020-2022." (Dkt. No. 195 at 7-8). ClearObject explains that "even though Paired Pay had these documents before ClearObject's deposition, it did not ask questions of the corporate representative about the company's finances" nor "offer these documents at trial." (*Id.* at 8).

After this Court's Order granting in part Paired Pay's motion to compel in July 2023, (Dkt. No. 75), Paired Pay did not return to this Court with any additional motions to compel based on the alleged deficiency of ClearObject's production of its financial documents. That Paired Pay wants another bite at the apple to make its argument on punitive damages to the jury does not warrant granting a new trial pursuant to Rule 59(a)(1). The jury has complete discretion to award or decline to award punitive damages, which "are never awarded as of right." *Harris v. L & L Wings, Inc.*, 132 F.3d 978, 983 (4th Cir. 1997) (quoting *Smith v. Wade*, 461 U.S. 30, 52 (1983)). The jury's decision not to award punitive damages to Paired Pay does not result in a miscarriage of justice warranting a new trial. *See Minter*, 762 F.3d at 346. The Court denies Paired Pay's motion for a new trial on this issue of punitive damages.

### IV.  Conclusion

In light of the foregoing, the Court **DENIES** the Paired Entities' motion to alter or amend the judgment and for a new trial on punitive damages. (Dkt. No. 193).

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel<br>
Richard Mark Gergel<br>
United States District Judge

September 19, 2024
Charleston, South Carolina